UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Comfort Heat Systems, LLC, d/b/a
Aqua-Therm, LLC, a Minnesota
limited liability company,

        Plaintiff,                    **MEMORANDUM OPINION AND ORDER**

       v.                          Civil No. 08-5246 ADM/JSM

Royall Manufacturing, Inc., a Wisconsin
corporation; Jeffrey Anderson, an
individual; Anderson's Outdoor Wood
Furnace Center, LLC, a Wisconsin limited
liability company; and American
Stoveworks, Inc., a Wisconsin corporation,

        Defendants.

_____

Matthew J. Schaap, Esq., Severson, Sheldon, Dougherty & Molenda, PA, Apple Valley, MN, appeared on behalf of Plaintiff.

Mychal A. Bruggeman, Esq., Mackall, Crounse & Moore, PLC, Minneapolis, MN, appeared on behalf of Jeffrey Anderson; Anderson's Outdoor Wood Furnace Center, LLC; and American Stoveworks, Inc.

Andrea Kiehl, Esq., Flynn, Gaskins & Bennet, LLP, Minneapolis, MN, appeared on behalf of Royal Manufacturing, Inc.

_____

## I. INTRODUCTION

On December 22, 2008, the undersigned United States District Judge heard oral argument on Defendants' American Stoveworks, Inc. ("American Stoveworks"); Jeffrey Anderson ("Anderson"); and Anderson's Outdoor Wood Furnace Center, LLC ("Anderson's Outdoor") (collectively "the Anderson Defendants") Amended Motion to Dismiss [Docket No. 28]. In its Amended Complaint [Docket No. 15], Plaintiff Comfort Heat Systems, LLC, d/b/a Aqua-Therm, LLC, ("Aqua-Therm") asserts two claims against the Anderson Defendants: (1)

violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-.48; and (2) violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67.  For the reasons set forth below, the Anderson Defendants' Motion is granted.

## II. BACKGROUND[1]

Aqua-Therm is a Minnesota company that designs and sells wood-burning heating appliances throughout the United States.  Am. Compl. ¶¶ 1, 10, 11.  One of Aqua-Therm's product lines is the "Eco-One" boiler, which Aqua-Therm began developing in 2007.  Id. ¶ 17.  The dispute in this case, as reflected by the majority of the claims asserted in the Amended Complaint, centers on the relationship and dealings between Aqua-Therm and Defendant Royall Manufacturing, Inc. ("Royall"), a Wisconsin company that manufactures wood-burning heating appliances.  The specifics of the relationship are of limited relevance to the Anderson Defendants' Motion to Dismiss,[2] but by way of background, Aqua-Therm and Royall formed a relationship in January 2008, in which Royall agreed to manufacture a prototype of Aqua-Therm's Eco-One boiler.  Id. ¶¶ 15, 25.  Royall delivered two such prototypes to Aqua-Therm on June 25, 2008.  Id. ¶¶ 32, 34.  According to Aqua-Therm, testing on the prototype revealed that a number of design changes were necessary to address certain safety concerns, but Royall refused to make the design changes.  Id. ¶¶ 35-36, 40.

After Aqua-Therm received the two Eco-One prototypes from Royall, Aqua-Therm learned that Royall had produced, without Aqua-Therm's authorization, an additional twenty-

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

[2] Royall has not taken a position on the Anderson Defendants' Motion to Dismiss.

two prototypes and had sold those prototypes to "one or more of the Anderson Defendants." Id. ¶¶ 39, 51. The Anderson Defendants are Wisconsin residents. Id. ¶¶ 3-5. The Anderson Defendants then listed on eBay under the name "American Stove Works Clean Burn Model" these Eco-One prototypes. Id. ¶¶ 54-55, 59-60. In addition, Aqua-Therm alleges that the Anderson Defendants have made false or misleading statements on the Internet about the safety and efficiency of the Eco-One prototypes being offered by the Anderson Defendants under the name American Stove Works Clean Burn Model and about the units' qualification for EPA certification. Id. ¶¶ 60-69.

Aqua-Therm filed a complaint in state court on September 12, 2008, against the Defendants, and, on September 22, 2008, Defendants removed the action to this Court on the basis of diversity of citizenship. Notice of Removal [Docket No. 1], Attach. 1. On September 30, 2008, the Court denied Aqua-Therm's Motion for Temporary Restraining Order [Docket No. 3]. Aqua-Therm filed its Amended Complaint on October 2, 2008, and the Anderson Defendants now move to dismiss the claims against them on the basis of lack of personal jurisdiction, failure to state a claim, and failure to satisfy the pleading with particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure.

### III. DISCUSSION

**A.    Personal Jurisdiction Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(1). To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. Digi-Tel Holdings, Inc. v. Proteq

Telecomms., 89 F.3d 519, 522 (8th Cir. 1996). Determining whether personal jurisdiction exists is a two-prong inquiry: first, the requirements of the Minnesota long-arm statute must be satisfied, and second, the exercise of personal jurisdiction must comport with the due process. Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003). Because Minnesota's long-arm statute is "coextensive with the limits of due process," the only question is whether the exercise of personal jurisdiction comports with due process. Minnesota Mining & Mfg. Co. v. Nippon Carbide Indus., Inc., 63 F.3d 694, 697 (8th Cir. 1995).

The exercise of personal jurisdiction comports with due process when a defendant maintains sufficient minimum contacts with the forum state "such that summoning the defendant would not offend traditional notions of fair play and substantial justice." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Id. at 562. "With these principles in mind," courts consider the following factors: "(1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties." Id. The first three factors are of primary importance, while the last two are "secondary factors." Minnesota Mining, 63 F.3d at 697. The third factor distinguishes between specific and general jurisdiction. Digi-Tel, 89 F.3d at 523 n.4. Aqua-Therm argues that personal jurisdiction over the Anderson Defendants exists on the basis of general jurisdiction; specific jurisdiction is not at issue.

**B.     General Jurisdiction**

"General jurisdiction exists where the contacts between the defendant and the forum state are 'continuous and systematic' even if there is no relationship between the contacts and the cause of action." Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006). Aqua-Therm alleges that the Anderson Defendants have had such continuous and systematic contacts with Minnesota. The contacts relied upon are: (1) the Anderson Defendants had "repeated[] communicat[ions]" with Aqua-Therm by email and by telephone regarding a dispute (which is not the basis of any claims in this lawsuit) over the Anderson Defendants' status as a Royall dealer and alleged infringement by the Anderson Defendants of Royall's trademark; (2) the Anderson Defendants offered to sell through eBay the American Stove Works Clean Burn Model (alleged to be the Eco-One prototypes) to Minnesota residents; and (3) one of the Anderson Defendants, American Stoveworks, is a closely-held corporation with one of its shareholders being a Minnesota resident. Pl.'s Mem. in Opp'n to Mot. to Dismiss [Docket No. 35] at 5. These alleged contacts are insufficient to confer general personal jurisdiction over the Anderson Defendants.

Phone and mail contacts alone have been held to be insufficient to justify the exercise of personal jurisdiction under the due process clause. See Johnson, 444 F.3d at 956 (quotation omitted); see also Bell Paper Box, Inc. v. Trans W. Polymers, Inc., 53 F.3d 920, 923 (8th Cir. 1995) ("The use of interstate facilities, such as telephones or mail, is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process.") (quotations omitted). Additionally, "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause

of action not related to those purchase transactions." Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  And even when there is the presence of both phone communications and the sale and shipment of goods into the forum, personal jurisdiction can still be lacking.  See N. Am. Fin. Corp. v. Amgrar Gesellschaft Fur Farmlagen, 702 F. Supp. 1435, 1439 (D. Minn. 1989) (noting that courts have found the "extensive use of telephone, mail and banking, as well as shipping goods into [the] state" to be insufficient to confer personal jurisdiction) (citing Mountaire Feeds, Inc. v. Agro Impex S.A., 677 F.2d 651, 652 (8th Cir. 1982)).  Granted, the relevant contacts must be viewed in the totality of the circumstances rather than on an individual basis.  See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1388 (8th Cir. 1995).  Nevertheless, the contacts alleged by Aqua-Therm fail, even when considered in the aggregate, and are insufficient to confer general personal jurisdiction.

The contacts that the Anderson Defendants have had with Minnesota do not rise to the level of being continuous and systematic.  Rather the Anderson Defendants' contacts with Minnesota are more properly viewed "random," "fortuitous," or "attenuated."  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  The record before the Court shows that the extent of the contacts consists of only three telephone conversations and three email exchanges in April and May 2008 and an unknown portion of the Anderson Defendants' 2,500 sales through eBay in the past year.[3]  See Pl.'s Mem. in Opp'n to Mot. to Dismiss at 8-10.  In addition,

---

[3] Although the number of sales to Minnesota residents through the Anderson Defendants' eBay auctions is not known, the available information is sufficient to conclude that general personal jurisdiction is lacking.  The eBay sales, as well as the record as a whole, fails to show any purposeful availment by the Anderson Defendants.  Auction sales on eBay are "random and attenuated, and the choice of [the] highest bidder is . . . beyond the control of the seller;" as such,

the Anderson Defendants have no offices, employees, or bank accounts in Minnesota; they have not directed any advertisements specifically at Minnesota residents; they have not targeted Minnesota as a market; and any purchases of their products by Minnesota residents have been initiated by Minnesota residents. Anderson Decl. [Docket No. 42] ¶¶ 5-9. Viewed in the totality, the record fails to show that the Anderson Defendants purposely availed themselves of the privilege of conducting activities in Minnesota which would have lead to a reasonable expectation of being sued in a Minnesota court.

**C.      Jurisdictional Discovery**

Aqua-Therm argues in the alternative that it should be permitted to conduct limited discovery on the issue of personal jurisdiction. In support of this request, Aqua-Therm asserts that (1) in light of the Anderson Defendants' internet sales, discovery will "likely" reveal that the Anderson Defendants continuously and systematically solicited and sold products to Minnesota residents;[4] (2) because one of the products sold by the Anderson Defendants on the Internet is made by a company with headquarters in Minnesota, the Anderson Defendants "must have had continuous and systematic contacts" with that company; and (3) because one of the Anderson

---

"an overwhelming majority of courts have held that an eBay seller does not purposefully avail himself of the privilege of doing business in a forum state absent some additional conduct directed at the forum state. " Boschetto v. Hansing, No. C-06-1390, 2006 WL 1980383, at *4 (alteration in the original) (quotations omitted); see also Metcalf v. Lawson, 802 A.2d 1221, 1226 (N.H. 2002) (holding that purposeful availment on the part of an eBay seller had not been shown because the seller has no control over who would ultimately be the winning bidder, "nor could [the seller] exclude bidders from particular jurisdictions").

[4] As previously explained, see supra note 3, the fact that the Anderson Defendants sold products to Minnesota residents through eBay auctions is insufficient to show that the Anderson Defendants purposefully availed themselves of the privilege of conducting business in Minnesota in light of the nature of an eBay auction. Jurisdictional discovery to determine the number of eBay sales to Minnesota is therefore unnecessary.

Defendants, American Stoveworks, is a closely-held corporation with one of its shareholders being a Minnesota resident, "the Anderson Defendants must have had contact with Minnesota through its contact with the shareholder, i.e., telephone calls, e-mails, business meetings, corporate meetings, etc." Pl.'s Mem. in Opp'n to Mot. to Dismiss at 14-15.  The Court finds these unsupported, conclusory allegations insufficient to meet Aqua-Therm's burden.  "'When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.'"  <u>Dever v. Hentzen Coatings, Inc.</u>, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004) (quotation omitted).

In short, the record fails to demonstrate that Minnesota has general jurisdiction over the Anderson Defendants, and, therefore, Aqua-Therm's claims against the Anderson Defendants are dismissed for lack of personal jurisdiction.[5]  Because the Anderson Defendants' motion to dismiss is granted on this basis, the issues of whether Aqua-Therm's claims against the Anderson Defendants should be dismissed for failure to state a claim and for failure to satisfy the pleading with particularity requirement of Rule 9(b) are moot.

---

[5] Under 28 U.S.C. § 1631, a district court that has determined that jurisdiction is lacking is empowered to transfer an action to cure the lack of jurisdiction. Aqua-Therm, however, has made no such request.  <u>Cf.</u> <u>Johnson</u>, 444 F.3d at 954 n.2 (affirming dismissal when a plaintiff did not request transfer).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Anderson Defendants' Amended Motion to Dismiss [Docket No. 28] is **GRANTED**; and

2. Counts VII and VIII of Aqua-Therm's Amended Complaint [Docket No. 15] are **DISMISSED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 6, 2009.